IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK CARBAUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. H-10-670 |
| | § | |
| UNISOFT INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

### UNISOFT INTERNATIONAL, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Unisoft International, Inc. ("Unisoft"), Defendant in the above-entitled and numbered cause, files this Original Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

#### PARTIES

1. Defendant admits the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

#### JURISDICTION AND VENUE

3. Defendant admits that Plaintiff has filed this suit under the Fair Labor Standards Act ("FLSA"), a federal statute. Consequently, Defendant admits that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

4. Defendant admits that this Court has personal jurisdiction over it for purposes of this matter.

5. Defendant admits that venue is proper in the Southern District of Texas, but denies that it has violated the FLSA.

#### FACTS

6. Defendant admits that Plaintiff was employed by it from approximately September 16, 2003, through May 1, 2009.

7. Defendant admits that Plaintiff's job responsibilities during the last three (3) years of employment included OpCon/xps Technical Consultant.

8. Defendant admits that paragraph 8 of Plaintiff's Complaint includes a partial description of Plaintiff's job duties and responsibilities during his employment.

9. Defendant admits that paragraph 9 of Plaintiff's Complaint includes a partial description of Plaintiff's job duties and responsibilities during his employment.

10. Defendant admits paragraph 10 of Plaintiff's Complaint includes a partial description of Plaintiff's job duties and responsibilities during his employment.

11. Defendant admits the allegations set forth in the first sentence of paragraph 11 of Plaintiff's Complaint. Defendant denies the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that a number of its customers are located throughout the world, but denies the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff was required to travel from his residence in Texas to customer locations, as well as from one customer location to another; however, at this time, Defendant is without sufficient information to admit or deny the remaining allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. At this time, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. At this time, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff spent approximately three (3) weeks at a customer site in Taiwan. Defendant denies the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff was not paid overtime for any hours he worked in excess of forty (40) in any given workweek, if any, as he was properly classified as an exempt employee or was otherwise exempt from the provisions of the FLSA.

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

## ATTORNEYS' FEES

32. Defendant admits that Plaintiff has plead for reasonable and necessary attorneys' fees, but denies that Plaintiff is entitled to the same.

## JURY DEMAND

33. Defendant admits that Plaintiff has made a jury demand.

## AFFIRMATIVE DEFENSES

34. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

35. Defendant acted in conformity with and in reliance on written administrative regulations and interpretations of the Wage and Hour Division of the U.S. Department of Labor.

36. Plaintiff is not entitled to any liquidated damages because any act or omission on the part of the Defendant was in good faith and the Defendant had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

37. Any and all of the Defendant's actions were not willful and the claims of Plaintiff against the Defendant are barred in whole or in part by the applicable statute of limitations.

38. Plaintiff's Complaint fails to the extent that Plaintiff is exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. § 213.

39. Plaintiff has not acted in conformity with the requirements and prerequisites to which he is subject under 29 U.S.C. §§ 216, 255, and 256.

40. To the extent Plaintiff has failed to exhaust his administrative remedies, his respective claims for relief are barred.

41. Plaintiff's Complaint fails for the reason that any alleged action or failure to act on the part of the Defendant was not the proximate cause of any alleged injury to Plaintiff.

42. If Plaintiff has been damaged as alleged, such damages have been caused by his own acts, by the acts of those other than the Defendant, or by acts for which the Defendant is not responsible.

43. All elements of Plaintiff's compensation that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), must be excluded from their regular pay for purposes of calculating overtime, if any.

44. The Defendant is entitled to a credit against any overtime owed Plaintiff for any amounts included in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

45. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

46.  Plaintiff's claims are barred because Plaintiff has been paid all wages and overtime owed under the FLSA.

47.  Plaintiff has no standing to assert a claim against the Defendant based upon an alleged violation of the record-keeping of the FLSA.

48.  Plaintiff is not entitled to recover liquidated damages under the FLSA.

49.  Plaintiff's back pay, if any, may be reduced by any setoffs and credits applicable and allowable under the FLSA.

50.  Plaintiff's Complaint fails to the extent that Plaintiff has failed to mitigate his damages, if any, as required by law.

51.  Some or all of Plaintiff's claims and requests for relief are not triable by jury.

52.  Plaintiff's claims are barred to the extent any activities alleged in Plaintiff's Complaint are preliminary or postliminary activities pursuant to the Portal-to-Portal Act, 29 U.S.C. § 254, and, therefore are not compensable.

53.  The claims of Plaintiff may be barred, and his damages, if any, may be limited or foreclosed under the after-acquired evidence doctrine.

54.  Plaintiff's claims are barred to the extent that he did not work in excess of 40 hours in any given work week and is, thus, not entitled to overtime.

Defendant reserves the right to assert additional affirmative defenses in accordance with law and to seek attorneys' fees and costs under any applicable statute.

## **PRAYER**

WHEREFORE, Defendant respectfully request that Plaintiff take nothing by virtue of this matter and that Defendant recovers it costs and attorneys' fees, and for such other relief to which it may show itself justly entitled.

Respectfully submitted,

By: Baker & Hostetler LLP

*/s/ Tonya A. Jacobs*
Tonya A. Jacobs
Texas Bar No. 00790954
Rachel M. Smith
Texas Bar No. 24046483
1000 Louisiana, Suite 2000
Houston, Texas 77002
(713) 751-1600 Telephone
(713) 751-1717 Facsimile

ATTORNEYS FOR DEFENDANT
UNISOFT INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and copy of the foregoing was served via Certified Mail, Return Receipt Requested on this 12th day of April 2010, on the following counsel of record:

Andrew S. Golub
Dow Golub Remels & Beverly, LLP
8 Greenway Plaza, 14th Floor
Houston, Texas 77046

*/s/ Tonya A. Jacobs*
Tonya A. Jacobs